## TIMOTHY COGGESHALL *versus* BENJAMIN F. VARNUM.

*The plaintiff having two executions against the same defendant, one of which was secured by an attachment on mesne process, and the other not, delivered them at the same time to an officer, with directions that in case the defendant should offer by way of set-off an execution sued out by him against the plaintiff, the officer should set it off against the plaintiff's execution which was not secured, but the officer set it off against the other. Held, that the officer was liable to the plaintiff for thus defeating his attachment.*

CASE against the sheriff of Middlesex, for the alleged default of one Bancroft, his deputy, in not keeping safely, until thirty days after judgment, certain personal property attached by Bancroft on an original writ in favor of the plaintiff against one Blake, and in not levying and returning satisfied by that property, the plaintiff's execution in that suit.

At the trial, before *Wilde* J., the plaintiff proved, that on the 11th of December, 1833, he sued out a writ of attachment against Blake, returnable at March term 1834 of the Common

---

Pleas, and that on the 12th of December, Bancroft attached upon the writ certain chattels as the property of Blake, and duly returned the same ; and that at June term 1835 of that court, the plaintiff recovered judgment against Blake for $356·08, debt and costs, and sued out his execution for that amount, and within thirty days after judgment delivered the same to Bancroft for service, with directions to levy it upon the property attached.

The defendant then proved, that Blake sued out a writ against Coggeshall, dated the 2d of December, 1833, and returnable at the same March term 1834 of the Common Pleas ; and that at the same June term 1835 of that court, Blake recovered judgment against Coggeshall for $227·16, debt and costs, and sued out his execution for that amount. He then proved by Mr. Merriam, the attorney of Blake, that Merriam kept the execution until nearly the end of thirty days from the judgment ; that Blake and Bancroft then called together at his office, and from their conversation he understood that Bancroft was in difficulty in relation to the property attached ; that Bancroft required Blake to pay Coggeshall's execution, and Blake said he could not pay any thing ; that Blake then endeavoured to obtain his execution against Coggeshall, without paying Merriam's fees, but Merriam declined delivering it until his fees should be paid ; that the fees were then paid by Bancroft, and the execution was delivered to him, and Blake directed him to set it off against Coggeshall's execution in the suit in which the property had been attached. The defendant then proved, that Bancroft made a set-off accordingly, on the 10th of July, 1835, and returned Blake's execution fully satisfied thereby, and Coggeshall's satisfied in part, to wit, in the sum of $227·16, and unsatisfied for the remainder.

The plaintiff proved, that in March 1834, he sued out a writ of replevin against Blake, returnable at June term 1834 of the Common Pleas, and that at June term 1835, he recovered judgment in that suit, against Blake, for $357·18, damages and costs, and that on the 24th of June he sued out his execution for that amount.

The plaintiff introduced an instrument under seal, dated March 23d, 1835, purporting to be an assignment by him to

one Howard, of the two actions then pending in favor of the plaintiff against Blake, and the signature thereof was admitted.

It appeared that the actions between Coggeshall and Blake were submitted to referees ; and S. H. Mann testified, that he was employed by Coggeshall and Howard as counsel in those actions ; that Blake called upon him to retain him in the same cases, previous to a hearing before the referees ; that he then .nformed Blake that he was retained on the other side, and that Howard was the party in interest ; but that he did not tell him there was an assignment.

The defendant contended that the assignment ought not to avail any thing, inasmuch as it had not been shown to have been made for a valuable consideration ; and, also, inasmuch as it had not been shown that Blake had any notice of it ; and this question was reserved for the determination of the whole Court.

Mr. Mann further testified, that he delivered Coggeshall's two executions to Bancroft at the same time, and directed him to set off the execution in the replevin suit against Blake's execution ; and that he did not remember that any thing was said to Bancroft about the assignment. Bancroft returned the execution in the replevin suit wholly unsatisfied.

The judge ruled, that before the set-off could avail the defendant, it was incumbent on him to show that the plaintiff's executions were first delivered to Bancroft. The defendant introduced evidence to prove that fact, and the plaintiff introduced evidence to the contrary. The judge then stated to the jury, that the burden of proof on this point was upon the defendant ; and he instructed them, that if upon the evidence they were satisfied that the plaintiff's executions were delivered to Bancroft for service, before Blake's execution was delivered to him, they were to allow the set-off and deduct the amount thereof from the plaintiff's execution in the suit in which the property was attached, and return a verdict for the plaintiff for the balance of such execution and interest ; but if they were not satisfied of that fact, they were to return a verdict for the plaintiff for the whole amount of such execution and interest.

The jury returned a verdict for the whole amount of the execution and interest.

The defendant excepted to the foregoing decisions and instructions.

*Hoar* and *B. Russell*, for the defendant, cited *St.* 1810, c. 84 ; *St.* 1830, c. 124 ; Revised Stat. c. 97, § 76 ; *Green* v. *Hatch*, 12 Mass. R. 195 ; *Stewart* v. *Anderson*, 6 Cranch, 203.

*Farley* and *Ames*, for the plaintiff.

SHAW C. J.   In this suit against the sheriff for the default of his deputy, Bancroft, the question is, whether, under the circumstances, the officer had a right to set off Blake's execution against the plaintiff's execution, on which he had an attachment of personal property.   The plaintiff had two executions against Blake, one of which was secured by an attachment of personal property, and the other not, and placed them both in the hands of the officer for service.   Each of these executions was larger in amount than Blake's execution, and the plaintiff directed, that if Blake should offer his execution by way of set-off, under the statute, it should be set off on the execution not secured.   This the officer declined to do, but set  i off against the execution which was secured, and thereby defeated the plaintiff's attachment *pro tanto*.   The Court are of opinion, that Blake's right of set-off was sufficiently protected by the power of setting off his execution against another execution of the plaintiff then in force ; that the plaintiff, upon a balance of the three executions, being a creditor, had a right to the benefit of his attachment to secure the balance of his debt ; that the officer was bound to obey his order in this respect ; and that his neglect and refusal to do so was a breach of his duty, to the injury of the plaintiff.

*Judgment on the verdict.*